Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4085 | **DATE** | 9/14/2000 |
| **CASE TITLE** | Laborers' Pension Fund, et al. Vs. E. Guerra Company, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiffs' motion for partial summary judgment [13-1] is granted, and defendants are ordered to produce their "books and records" for the period from October 1, 1997 to the present.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 19 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/14/2000 | |
| | | ED-7 FILED FOR DOCKETING 00 SEP 18 AM 9:55 | date mailed notice | |
| IS | courtroom deputy's initials | | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> E. GUERRA COMPANY, et al., ) <br> ) <br> Defendants. ) | Case No. 99 C 4085 <br><br> Magistrate Judge <br> Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Laborers' Pension and Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (hereafter "the Funds") and James S. Jorgensen, Administrator of the Funds, filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, alleging that Defendants, E. Guerra Company ("the Company") and Estaban Guerra, sole proprietor of the Company, had failed to submit to a payroll audit as directed by the Funds' Trustees. Plaintiffs have filed a motion for partial summary judgment, seeking a ruling on the issue of whether Defendants are bound by collective bargaining agreements between the Construction and General Laborers' District Council of Chicago and Vicinity ("the Union") and various multi-employer associations. All parties have consented to have this Court conduct any and all proceedings, including the entry of final

judgment. See 28 U.S.C. § 636(c); LOCAL R. 73.1. For the reasons below, this Court grants Plaintiffs' motion for partial summary judgment.

I. **Background**

In addition to filing their motion for partial summary judgment, Plaintiffs filed a statement of undisputed material facts in accordance with Local Rule 56.1(a)(3).[1] Local Rule 56.1(b)(3) requires that each party opposing a motion for summary judgment file, *inter alia*, a "concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ." Importantly, Local Rule 56.1(b)(3)(B) provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Defendants filed no response to Plaintiffs' statement of undisputed material facts, so this Court shall deem as admitted all facts properly set forth in Plaintiffs' Rule 56.1 submission. *See, e.g., Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995) (emphasizing

---

[1] Local Rules 56.1(a) and 56.1(b) were formerly known as Local Rules 12(M) and 12(N), respectively. Effective September 1, 1999, the Northern District of Illinois amended its local rules replacing Local Rules 12(M) and 12(N) with Local Rule 56.1.

that the Seventh Circuit has "consistently and repeatedly required strict compliance with rule 12(N)," the predecessor to now Local Rule 56.1(b)) (collecting cases).

The following undisputed facts are taken exclusively from Plaintiffs' Statement of Material Facts Pursuant to Local Rule 56.1(a)(3) [hereafter "Pls.' 56.1(a)"].[2] Defendant E. Guerra Company is a sole proprietorship owned and operated by Defendant Esteban Guerra.[3] Defendants were parties to successive collective bargaining agreements with the Union. A short-form Agreement entered into by the Union and the Company, which adopted and incorporated a Master Agreement between the Union and various employer associations, also bound the Company to the Funds' respective Agreements and Declarations of Trust.

The collective bargaining agreement obligated the Company to make contributions on behalf of its covered employees for pension and health and welfare benefits and for the training fund and to submit monthly remittance reports in which the Company identified the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

---

[2] Exhibits cited in support of Plaintiffs' Rule 56.1(a) statement shall be cited hereafter as "Pls.' Ex., ¶ ___."

[3] Plaintiff moves *instanter* to correct the individual defendant's name misspelled on the complaint as "Estelin Guerra" to "Esteban Guerra." There being no objection from Defendants, that motion is granted, and the complaint is hereby so amended.

In December of 1996, Defendants sent a letter to the Funds in Westchester, Illinois seeking to withdraw from the collective bargaining agreement. The Union responded by letter from its headquarters in Chicago, Illinois in December of 1996 informing Defendants that their purported withdrawal was untimely and ineffective. In March of 1998, the Company sent two more letters to the Funds in Westchester, Illinois seeking to withdraw from the collective bargaining agreement. Defendants received no correspondence from the Union responsive to these letters.

After March of 1998, the Company continued to remit contributions to the Funds on behalf of covered employees for the months of April, June, October, and November of 1998. Defendants also continued to submit reports showing that no laborer employees worked between January of 1998 and September of 1999. The Company signed each report, on which the following language appeared: "the employer hereby agrees to be bound to the terms of the current collective bargaining . . . [and] expressly accepts and agrees to be bound by the trust agreements . . . and accepts all of the terms thereof . . . ." (Pls.' Ex. I.)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ascertaining whether summary judgment is appropriate, the Court must view the evidence, and draw all reasonable inferences therefrom, in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). If the non-movant bears the burden of proof on an issue, however, he or she may not simply rest on the pleadings, but rather, must affirmatively set forth specific facts establishing the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322-26.

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Consequently, motions for summary judgment must be analyzed in light of both the applicable substantive law and the question of whether a reasonable jury could return a verdict in the non-movant's favor. *See Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338, 1344 (7th Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-movant party, there is no genuine issue for trial," and summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Defendants Never Sent Adequate Written Notice Withdrawal Directly To The Union.

The NLRB has announced rules governing the timing and manner of withdrawal from multi-employer units. *Retail Assocs., Inc.*, 120 N.L.R.B. 388 (1958). In the seminal case of *Retail Associates*, the NLRB declared:

> the intention by a party to withdraw must be unequivocal, and exercised at an appropriate time. The decision to withdraw must contemplate a sincere abandonment, with relative permanency, of the multiemployer unit and the embracement of a different course of bargaining on an individual employer basis.

*Id.* at 393-94; *see also Charles D. Bonanno Linen Serv., Inc. v. N.L.R.B.*, 454 U.S. 404, 410-11 (1982); *General Printing Co. and Detroit Typographical Union, Local No. 18, Int'l Typographical Union, AFL-CIO*, 263 N.L.R.B. 591, 592 (1982). The NLRB would "refuse to permit the withdrawal of an employer or a union from a duly established multiemployer bargaining unit, **except upon adequate written notice given prior to the date set by the contract** for modification, or to the agreed-upon date to begin the multiemployer negotiations." *Retail Assocs.*, 120 N.L.R.B. at 395 (emphasis added); *see also General Printing*, 263 N.L.R.B. at 592. Written notice of withdrawal by an employer must be given directly to the union. If any other kind of notice is given or notice is not given directly to the union, the notice is ineffective. *See General Printing*, 263 N.L.R.B. at 592 ("Having

failed to give the Union the required written notice of its withdrawal from [the multiemployer bargaining association] before negotiations concerning the subject contract began, the Respondent's attempted withdrawal from multiemployer bargaining was untimely and ineffective."); *see also Hawaii Carpenters v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 296 (9th Cir. 1987); *R.W. Granger & Sons, Inc. v. Eastern Mass. Carpenters and Carpenters Local 275 of United Bhd. of Carpenters and Joiners of Am.*, 686 F. Supp. 22, 26 (D. Mass. 1988).

Defendants contend that they sent timely notice of withdrawal to the Funds "in care of" the Union in two letters dated March 15 and March 23, 1998. (Defs.' Resp., at 3.) This is absolutely untrue. Both letters were addressed to "Laborers' Pension and Welfare Funds for Chicago & Vicinity" in Westchester, Illinois. (Pls.' Exs. F3 & F4.) The headquarters of the Union are located in Chicago, Illinois. (Pls.' Ex. F3.) There is no evidence that Defendants sent a copy of either letter to the Union's Chicago offices. Therefore, Defendants have failed to raise an issue of fact regarding whether they sent a proper notice of withdrawal to the Union.

Defendants further argue that the Union must have received notice of the two March letters because the Union received notice of an earlier untimely notice of withdrawal that Defendants sent to the Funds in Westchester, Illinois in December of 1996. In December of 1996, the Company attempted to withdraw from the

bargaining agreement and sent notice of such to the Funds in Westchester, Illinois. The Union headquarters located in Chicago, Illinois responded by letter to the Company on Union letterhead stating that the Company's attempted withdrawal was "untimely" and "of no force and effect." (Pls.' Ex. F3.) Defendants contend that because the Union received the December letter addressed to the Funds, the Union must have received the March letters. Defendants further state that "[i]f Guerra is allowed to conduct discovery, it may find that the Union actually received timely notice of its [sic] withdrawal." (Defs.' Resp., at 6.)

Defendants' call for additional discovery at this post-summary judgment stage is not well taken. Defendants had ample time to conduct discovery, and made no effort to extend the discovery deadline. (Pls.' Supp. Ex. K.) Defendants alone bear the consequences of their failed or frustrated discovery attempts. Nor does the Union's receiving the Company's December letter raise an issue of fact that the Union received the March letters. Indeed, Defendants have foreclosed themselves from raising any issue of fact as to the Union's receipt of notice by failing to file a response to Plaintiffs' statement of undisputed material facts.

## C. Defendants' Course of Conduct Binds Them To the Collective Bargaining Agreement.

Even if the Company were to have sent proper and timely notice of withdrawal to the Union, its course of conduct after March clearly bound the Company to the collective bargaining agreement. It is well established that an employer can bind itself to a collective bargaining agreement by course of conduct. *See, e.g., Robbins v. Lynch*, 836 F.2d 330, 332 (7th Cir. 1988); *Gariup v. Birchler Ceiling & Interior Co.*, 777 F.2d 370, 373 (7th Cir. 1985). Here, it is undisputed that after March of 1998, the date when the purported notice was received, Defendants sent four contributions to the Funds in April, June, October, and November of 1998. (Pls.' 56.1(a), ¶ 10.) After March, Defendants also continued to submit reports showing that no laborer employees worked between January of 1998 and September of 1999. (*Id.*, ¶¶ 8-9.) The Company signed each report, on each of which the following language appeared: "the employer hereby agrees to be bound to the terms of the current collective bargaining . . . [and] expressly accepts and agrees to be bound by the trust agreements . . . and accepts all of the terms thereof . . . ." (Pls.' Ex. I.)

All of these actions by Defendants clearly demonstrates a manifestation of an intention to be bound by the terms of the collective bargaining agreement. *See also Carpenters Fringe Benefit Funds of Ill. v. Able Bros. Constr., Inc.*, 813 F. Supp.

643, 649 (N.D. Ill. 1993). Continued remittance of contributions and reports does not constitute a "sincere abandonment, with relative permanency" of withdrawal from a collective bargaining agreement as expressed in *Retail Associates*, 120 N.L.R.B. at 394. Thus, Defendants' course of conduct belies their claim that they withdrew from the collective bargaining agreement, notwithstanding the undisputed fact that Defendants never sent written notice directly to the Union in the first instance.

The collective bargaining agreement provides that the "Trustees of the . . . Funds and the Union shall have the authority to audit the books and records of a participating Employer, either directly or through their authorized representative, whenever such examination is deemed necessary for the purpose of compliance with the provisions of this Agreement." (Pls.' Exs. G & H.) Because the Company was bound at all relevant times by the terms of this agreement, it must comply with the Trustees of the Funds' request for an audit. Accordingly, Plaintiffs' motion for partial summary judgment [13-1] is granted, and Defendants are ordered to produce their "books and records" for the period from October 1, 1997 to the present.

ENTER ORDER:

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: September 14, 2000.

Copies have been mailed to:

| | |
|---|---|
| WESLEY G. KENNEDY, Esq.<br>KAREN I. ENGELHARDT, Esq.<br>Allison, Slutsky & Kennedy, P.C.<br>208 South LaSalle Street<br>Suite 1880<br>Chicago, IL  60604 | DENNIS A. DELMAN, Esq.<br>Delman & Cohen<br>4711 Golf Road<br>Suite 700<br>Skokie, IL  60076<br><br>STEVEN P. KAISER, Esq.<br>The Law Office of Steven P. Kaiser<br>4711 Golf Road<br>Suite 700<br>Skokie, IL  60076 |
| Attorneys for Plaintiffs | Attorneys for Defendants |